IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Anthony B. Burnside, # 259648, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 6:06-0620-HMH-WMC |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| John Newlon, Attorney, | ) | |
| | ) | |
| Defendant. | ) | |

  This matter is before the court with the Report and Recommendation of United States Magistrate Judge William M. Catoe, made in accordance with 28 U.S.C. § 636(b)(1) (West Supp. 2005) and Local Rule 73.02 DSC.[1] Anthony B. Burnside ("Burnside"), a state prisoner proceeding pro se, alleges that his court-appointed attorney for Post Conviction Relief violated to his civil rights under 42 U.S.C. § 1983 by providing inadequate legal assistance. In his Report and Recommendation, Magistrate Judge Catoe recommends dismissing the case without prejudice and without issuance and service of process and deeming the dismissal a strike under 28 U.S.C. § 1915(e)(2) and (g).

  Burnside filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge.  See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984).  In the absence of specific objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation.  See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that almost all of Burnside's objections are non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report and Recommendation, or merely restate his claims.  However, construing his objections liberally, Burnside objects to the Magistrate Judge's conclusion that a court-appointed attorney does not act under color of state law.  Nonetheless, Burnside's objection is without merit.  See Hall v. Quillen, 631 F.2d 1154, 1156 (4th Cir. 1980) (finding that a court-appointed attorney did not act under color of state law to be subject to suit under § 1983); cf. Polk County v. Dodson, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.").  Therefore, after a thorough review of the Magistrate Judge's Report and the record in this case, the court adopts Magistrate Judge Catoe's Report and Recommendation.

Therefore, it is

**ORDERED** that Burnside's complaint is dismissed without prejudice and without issuance and service of process. It is further

**ORDERED** that this dismissal is deemed a strike under 28 U.S.C. § 1915(e)(2) and (g).[2]

**IT IS SO ORDERED**.

s/ Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
March 29, 2006

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[2] On March 15, 2006, the court deemed a separate action that Burnside had filed, civil action number 6:06-423-HMH-WMC, a strike. That action was Burnside's third strike, the others being assigned in civil action numbers 6:05-2212-HMH-WMC and 6:04-939-20AK. However, the instant action had already been filed when Burnside was assigned his third strike. Hence, this action is Burnside's fourth strike. Regardless, under 28 U.S.C. § 1915(g), Burnside may no longer proceed in forma pauperis unless he is under imminent danger of serious physical injury.

3